# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 27, 2006

## STATE OF TENNESSEE v. TIMOTHY R. BOUTON

**Appeal from the Hamilton County Criminal Court**
**No. 251419      Rebecca J. Stern, Judge**

---

**No. E2005-02294-CCA-R3-CD Filed August 17, 2006**

---

The Defendant, Timothy R. Bouton, pled guilty to vehicular manslaughter and reckless endangerment and was sentenced to ten years in the Tennessee Department of Correction. On appeal, the Defendant contends that the trial court erred: (1) when it failed to have him execute an ex post factor waiver with regard to the 2005 Sentencing Act; (2) in its application of enhancement and mitigating factors; and (3) when it denied him probation or other alternative sentencing. After reviewing the record and applicable authorities, we conclude that the trial court erred when it failed to have the Defendant execute an ex post factor waiver with regard to the 2005 Sentencing Act. Therefore, we reverse the case and remand it for a new sentencing hearing.

**Tenn. R. App. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Donna Robinson Miller, Chattanooga, Tennessee (on appeal) and Christian J. Coder, Chattanooga, Tennessee (at trial) for the appellant, Timothy R. Bouton.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; William H. Cox III, District Attorney General; and Jay Woods, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

On June 29, 2005, the Defendant pled guilty to vehicular manslaughter and reckless endangerment. During the hearing on the guilty plea, the State submitted that, had the case gone to trial, the following facts would have been established:

[O]n August 19, 2003, the [D]efendant was following his wife on Highway 153. His wife changed lanes, passing a slow moving truck, and then that truck . . . changed lanes in a sense cutting her off. She had to slow quickly to avoid hitting that truck. The [D]efendant was not able to stop. He tried to dodge his wife's vehicle and clipped it instead and he lost control. Both cars crossed the median and hit a van driven by Edna Williams. The [D]efendant's car hit Ms. Williams' van along the side and the other vehicle hit - - his wife's vehicle hit the van nearly head on. Ms. Williams' van came to rest in a driveway and caught fire. Two deputies tried to rescue her from her vehicle. They were not successful and suffered burns in the process. Ms. Williams died in the accident, in the fire.

According to hospital records the [D]efendant's blood alcohol level was .156 at the time of the wreck.

The trial court sentenced the Defendant, a Range I offender, to ten years in prison for vehicular homicide and to one year in prison for reckless endangerment, and it ordered that the Defendant's sentences be served concurrently.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred: (1) when it failed to have him execute an ex post factor waiver with regard to the 2005 Sentencing Act; (2) in its application of enhancement and mitigating factors; and (3) when it denied him probation or other alternative sentencing.

### Ex Post Facto Waiver

The Defendant contends that the trial court erred when it failed to either have the Defendant execute an ex post facto waiver with regard to the new sentencing act, or, alternatively, apply the prior law. It appears from the record that, after a bench conference, the Assistant District Attorney stated "[w]e're going to go under the new sentencing guidelines," referring to the 2005 amendments to the Sentencing Act. The State does not address this contention.

Effective June 7, 2005, the Sentencing Act was amended in response to a United States Supreme Court case Blakely v. Washington, 542 U.S. 296 (2004). The amendment, among other things, removed the presumptive sentence language from the Act and mandated that the trial "court shall impose a sentence within the range of punishment . . . ." See Tenn. Code Ann. § 40-35-210(c) (Supp. 2005); cf. Tenn. Code Ann. § 40-35-210(c) (2003). In the "Complier's Notes" section to this amendment, it states:

Acts 2005, ch. 353, § 18 provided that the act shall apply to sentencing for criminal offenses committed on or after June 7, 2005. Offenses committed prior to June 7, 2005, shall be governed by prior law, which shall apply in all respects. However, for

defendants who are sentenced after June 7, 2005, for offenses committed on or after July 1, 1982, the defendant may elect to be sentenced under the provisions of the act by executing a waiver of such defendant's ex post facto protections. Upon executing such a waiver, all provisions of the act shall apply to the defendant.

Tenn. Code Ann. § 40-35-210 (Supp. 2005) Complier's Notes.

In the case under submission, the offenses to which the Defendant pled guilty occurred on August 19, 2003, and the Defendant was sentenced on August 29, 2005. Therefore the Defendant's sentences are governed by the prior law unless the Defendant elects to be sentenced under the provisions of the new act, enacted June 7, 2005, by executing a waiver of his ex post facto protections. No such waiver appears in the record. Accordingly, we are constrained to remand this case for resentencing under the old law or for a properly executed waiver of ex post facto protections. Upon remand, we encourage the trial court to articulate in the record any applicable enhancement and mitigating factors, and other factual bases, upon which it relies.

### III. Conclusion

In accordance with the foregoing, we conclude that this case must be reversed and remanded to the trial court for resentencing.

_____
ROBERT W. WEDEMEYER, JUDGE